STATE of Wisconsin, Plaintiff-Respondent,

v.

Gerald KASIAN, Defendant-Appellant. †

Court of Appeals

*No. 96–1603–CR. Submitted on briefs October 11, 1996.—Decided December 27, 1996.*

(Also reported in 558 N.W.2d 687.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Joel H. Rosenthal* of *Luck & Rosenthal, S.C.* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Paul E. Bucher*, district attorney, and *Ted S. Szczupakiewicz*, assistant district attorney, of Waukesha.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. Gerald Kasian appeals from a judgment of conviction for operating a motor vehicle while intoxicated (OWI) pursuant to § 346.63(1)(a), STATS. The principal issue on appeal is whether the circuit court was obligated on grounds of issue preclusion to follow a prior administrative determination by the Department of Transportation (DOT) that probable cause did not support Kasian's arrest. We uphold the circuit court's ruling that it was not precluded from litigating the probable cause issue on the merits. We also uphold the court's further ruling that probable cause supported Kasian's arrest. We therefore affirm the judgment of conviction.

## FACTS

The relevant facts are brief and undisputed. Kasian was arrested for OWI on October 1, 1992. Based

on a chemical test result showing a prohibited blood alcohol concentration (BAC), Kasian was notified that his operating privileges were administratively suspended pursuant to § 343.305(7), STATS. Kasian sought a DOT administrative review of his suspension pursuant to § 343.305(8). At the administrative hearing, Kasian argued that probable cause did not support his arrest.[1] The hearing examiner agreed and Kasian's suspension was lifted.

Thereafter, the State issued a criminal complaint charging Kasian with OWI and with operating a motor vehicle with a prohibited BAC. Kasian responded with a motion to suppress, raising the same probable cause challenge which he had already successfully litigated in the DOT administrative review proceeding. However, Kasian's argument in the circuit court went a step further. He not only challenged probable cause, but he argued on a threshold basis that the question had already been conclusively decided against the State in the administrative proceeding. Thus, he contended that the State was precluded from arguing against his motion.[2]

The circuit court rejected Kasian's argument. The court went on to hold that probable cause existed to support Kasian's arrest. The court denied Kasian's motion to suppress. Kasian then pled guilty to the OWI

---

[1] Pursuant to § 343.305(8)(b)2e, STATS., probable cause to arrest is one of the issues which may be addressed at the administrative hearing.

[2] Kasian argued his motion in terms of collateral estoppel. He phrases his appellate argument in similar terms. However, collateral estoppel is now addressed in terms of "issue preclusion." *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995).

charge.[3] He appeals from the ensuing judgment of conviction and challenges the court's denial of his motion.

## ANALYSIS

The application of issue preclusion doctrines to a given set of facts presents a question of law which this court reviews without deference to the trial court's ruling. *See Lindas v. Cady*, 183 Wis. 2d 547, 552, 515 N.W.2d 458, 460 (1994).

Issue preclusion is designed to limit the relitigation of issues that have been actually litigated in a previous action. *See id.* at 558, 515 N.W.2d at 463. The Wisconsin courts have moved away from a formalistic approach to issue preclusion in favor of a more equity-based approach. *See Michelle T. v. Crozier*, 173 Wis. 2d 681, 687-88, 495 N.W.2d 327, 330 (1993).

Our supreme court has set out five factors which may bear upon the question of whether issue preclusion applies. These are: (1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issues; (4) have the burdens of persuasion shifted such that the parties seeking preclusion had a lower burden of persuasion in the first trial than in the second; and (5) are matters of public policy and individual circumstances involved that

---

[3] The prohibited BAC charge was dismissed.

would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action? *See id.* at 689, 495 N.W.2d at 330.

In *Lindas*, the Wisconsin Supreme Court considered whether the circuit court was bound by issue preclusion based upon a prior administrative determination. There, the Wisconsin Personnel Commission had determined that no probable cause existed to support an employee's claim of sexual discrimination. The employee did not seek judicial review of that ruling. *See Lindas*, 183 Wis. 2d at 550, 515 N.W.2d at 460. Instead, she commenced an original 42 U.S.C. § 1983 action in the circuit court against the employer and certain individual defendants. *See Lindas*, 183 Wis. 2d at 550-51, 515 N.W.2d at 460. The defendants invoked issue preclusion as a threshold defense. *See id.* at 551, 515 N.W.2d at 460.

In assessing whether issue preclusion applied, the *Lindas* court looked to the five factors set out in *Crozier. Lindas*, 183 Wis. 2d at 561-63, 515 N.W.2d at 464-65. However, because the case involved a prior proceeding before an administrative agency, the *Lindas* court also considered two additional factors: (1) whether the agency was adjudicating a disputed issue of fact properly before it; and (2) whether the agency's proceedings provided the parties an adequate opportunity to litigate. *Id.* at 554, 515 N.W.2d at 461. These additional factors came from the United States Supreme Court's decision in *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), which the *Lindas* court quoted with approval:

> [W]e hold that when a state agency, "acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.

*Elliott*, 478 U.S. at 799 (quoted source omitted).

Based upon the relevant *Crozier* factors, plus the two additional factors recited in *Elliott*, the *Lindas* court concluded that the employee's 42 U.S.C. § 1983 action in the circuit court was precluded by the prior proceedings before the administrative agency. *See Lindas*, 183 Wis. 2d at 569, 515 N.W.2d at 467.

█

In this case, after considering the *Crozier* and *Lindas* factors, we reach the opposite conclusion. We conclude that a probable cause determination in a DOT administrative review proceeding does not preclude consideration of the same issue at the circuit court level in a criminal proceeding.

One of the *Crozier* factors inquires whether the party against whom preclusion is sought (here, the State) could have obtained review of the hearing examiner's ruling. *See Crozier*, 173 Wis. 2d at 689, 495 N.W.2d at 330. After examining § 343.305(8), STATS., we conclude that the answer is "no." Section 343.305(8)(c)1 provides that: "An *individual* aggrieved by the determination of the hearing examiner may have the determination reviewed by the court hearing the action relating to the applicable violation . . . ." (Emphasis added.) The statute goes on to provide, inter alia, that when the individual requests such review, the court shall forward the request on to the department and that the prosecutor of the underlying

offense shall represent the department at the circuit court hearing. *See id. However, the statute says nothing about the department's right to obtain judicial review of the hearing examiner's ruling.* Thus, this factor weighs against issue preclusion.

Another *Crozier* factor requires that we examine the differences in the quality or extensiveness of the proceedings. *See Crozier*, 173 Wis. 2d at 689, 495 N.W.2d at 330. This also invokes a *Lindas* factor: whether the agency's proceedings provided the parties an adequate opportunity to litigate. *See Lindas*, 183 Wis. 2d at 554, 515 N.W.2d at 461. The administrative review proceeding set out in § 343.305(8), STATS., is highly informal. In fact, subsec. (8)(b)3 directs that "[t]he hearing examiner shall conduct the administrative hearing in an informal manner." While the arresting officer must submit a copy of his or her report, the officer need not appear unless subpoenaed. *See* § 343.305(8)(b)1.

Unlike conventional administrative proceedings under ch. 227, STATS., the administrative review procedure of § 343.305(8), STATS., does not create or invite an "adversary proceeding" in the traditional sense of that phrase. In fact, subsec. (8)(b)1 provides that "[t]he review procedure is not subject to ch. 227." In addition, while the statute allows for the individual to be represented by counsel, it makes no provision for any entity to serve as the prosecutor. This is in sharp contrast to the later judicial review provision which expressly authorizes the prosecutor of the underlying offense to represent the department in the circuit court review proceedings brought by the individual. *See* § 343.305(8)(c)1.

In an analogous setting, the court of appeals has held that the limited exploration of a probable cause

challenge in a circuit court refusal hearing under § 343.305(9), STATS., did not allow for the application of issue preclusion when the same question was reasserted via a motion to suppress in the ensuing criminal prosecution. *See State v. Wille*, 185 Wis. 2d 673, 681-82, 518 N.W.2d 325, 328-29 (Ct. App. 1994). In support, the court of appeals quoted with approval much of the following language of our supreme court in *State v. Nordness*, 128 Wis. 2d 15, 381 N.W.2d 300 (1986):

> We deem the evidentiary scope of a revocation hearing to be narrow. In terms of the probable cause issue, the trial court in a revocation hearing is statutorily required merely to determine that probable cause existed for the officer's belief of driving while intoxicated.
> We view the revocation hearing as a determination merely of an officer's probable cause, not as a forum to weigh the state's and the defendant's evidence. Because the implied consent statute limits the revocation hearing to a determination of probable cause—*as opposed to a determination of probable cause to a reasonable certainty*—we do not allow the trial court to weigh the evidence between the parties. The trial court, in terms of the probable cause inquiry, simply must ascertain the plausibility of a police officer's account.

*Id*. at 35-36, 381 N.W.2d at 308 (emphasis added).[4]

---

[4] We appreciate that in *State v. Wille*, 185 Wis. 2d 673, 518 N.W.2d 325 (Ct. App. 1994), the roles were reversed from those here. In *Wille*, the State sought to use issue preclusion against the defendant since it had prevailed on the probable cause question at the refusal hearing. *See id*. at 680, 518 N.W.2d at 328. We also appreciate that the *Wille* decision rests, in part, on the fact that the State's burden of proof on the probable cause

If a probable cause determination made by a circuit court at a refusal hearing does not preclude the issue in the later criminal prosecution, we conclude that it must also be so as to a probable cause determination made at a DOT administrative review proceeding. This is especially so since a refusal hearing is more formal and adversarial than the DOT proceeding.

We do not criticize the informality of the DOT procedures. We simply observe that the legislature has chosen in its wisdom to accord the suspended individual a speedy, inexpensive and informal administrative review process. But these same attributes demonstrate that the DOT proceeding is not of the quality or extensiveness which the law requires in order for issue preclusion to apply. *See Crozier*, 173 Wis. 2d at 689, 495 N.W.2d at 330. Consequently, we do not harbor the requisite confidence in the DOT decision because we cannot say that the issue has been fully litigated.

We also conclude that the public policy factor set out in *Crozier* also argues against issue preclusion. *See id.* The State should not lose potentially important and relevant evidence on the basis of the cursory administrative proceeding envisioned by § 343.305(8), STATS. Nor should a circuit court's decision making ability be so substantially curtailed on the basis of the administrative decision produced by such a summary

question was greater in the criminal proceeding than in the refusal proceeding. *See id.* at 682, 518 N.W.2d at 329. Nonetheless, we conclude that the *Wille* decision rests principally on the differences in the quality and extensiveness of the two proceedings. That, of course, is one of the *Crozier* factors. *See Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327, 330 (1993).

proceeding. This is especially so where the circuit court has both the ability and the obligation to fully litigate the issue in a full adversarial proceeding.

In addition, we note that both the statutes and the state constitution give the circuit courts, not the DOT, exclusive jurisdiction over criminal proceedings. WIS. CONST. art. VII, § 8; § 753.03, STATS. Kasian claims that he is not seeking to bar the State from prosecuting him, but only from relitigating the issue of probable cause. However, under the fruit of the poisonous tree doctrine, *see Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963), the loss of evidence resulting from an illegal arrest will oftentimes mean that the State has no case. Kasian would have the DOT examiner's decision trump the ability of the State to prosecute a suspected crime. We conclude that such a result is contrary to public policy.

■

Alternatively, Kasian challenges the trial court's determination that probable cause supported his arrest. Whether probable cause to arrest exists based on the facts of a given case is a question of law which we review independently of the trial court. *See State v. Truax*, 151 Wis. 2d 354, 360, 444 N.W.2d 432, 435 (Ct. App. 1989). In determining whether probable cause exists, we must look to the totality of the circumstances to determine whether the "arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe . . . that the defendant was operating a motor vehicle while under the influence of an intoxicant." *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102, 104 (Ct. App. 1994) (quoted source omitted). Furthermore, this court is not bound by the officer's subjective assessment or motivation. *See State v. Anderson*, 149 Wis. 2d 663,

675, 439 N.W.2d 840, 845 (Ct. App. 1989), *rev'd on other grounds*, 155 Wis. 2d 77, 454 N.W.2d 763 (1990); *see also Terry v. Ohio*, 392 U.S. 1, 21-22 (1968).

■

In this case, the arresting officer came upon the scene of a one-vehicle accident. The officer observed a damaged van next to a telephone pole. The engine of the van was running and smoking. An injured man, whom the officer recognized as Kasian, was lying next to the van. The officer observed a strong order of intoxicants about Kasian. Later, at the hospital, the officer observed that Kasian's speech was slurred. We hold that this evidence constituted probable cause to believe that Kasian had operated the vehicle while intoxicated.

Citing *State v. Swanson*, 164 Wis. 2d 437, 475 N.W.2d 148 (1991), Kasian contends that, absent the administration of field sobriety tests confirming a suspicion of intoxication, the officer did not have probable cause to arrest. We acknowledge that *Swanson* contains certain language which supports this argument. *See id.* at 453-54 n.6, 475 N.W.2d at 155. However, this language has since been qualified. It "does not mean that under all circumstances the officer must first perform a field sobriety test, before deciding whether to arrest for operating a motor vehicle while under the influence of an intoxicant." *Wille*, 185 Wis. 2d at 684, 518 N.W.2d at 329. Thus, the question of probable cause is properly assessed on a case-by-case basis. In some cases, the field sobriety tests may be necessary to establish probable cause; in other cases, they may not. This case, we conclude, falls into the latter category.

## CONCLUSION

We uphold the trial court's holding that the probable cause issue was not precluded by the DOT administrative review proceeding. We also uphold the court's holding that probable cause supported Kasian's arrest.

*By the Court.*—Judgment affirmed.