State of Wisconsin, Plaintiff-Respondent,
v.
Kirk L. Griese, Defendant-Appellant.
No. 03-3097-CR.
Court of Appeals of Wisconsin.
Opinion Filed: September 9, 2004.
¶1 DEININGER, P.J.[1]
Kirk Griese appeals a judgment convicting him of operating a motor vehicle under the influence of an intoxicant (OMVWI), as a fourth offense. He claims the trial court erred in denying his motion to suppress evidence obtained following his arrest. Griese argues that, because the trial court determined at a refusal hearing that the police lacked probable cause when they arrested him, the doctrine of issue preclusion prevents the State from re-litigating the lawfulness of the arrest and requires the court to suppress the post-arrest evidence as illegally obtained. We agree that issue preclusion applies and that the trial court should have suppressed the evidence obtained as a result of the arrest that was previously determined to be unlawful in the refusal proceeding. We therefore reverse the judgment of conviction and remand for further proceedings.

BACKGROUND
¶2 Officers of the Horicon Police Department stopped Griese for driving with a burned out tail light. After making contact with Griese, the officers suspected that he might be driving while intoxicated. Rather than have him perform field sobriety tests at the scene of the traffic stop "due to the weather being so cold," they transported him to the police station to administer the tests. After observing Griese's performance on the sobriety tests, the police arrested Griese for OMVWI and took him to a local hospital for an evidentiary blood test, which he refused. The police subsequently had a blood sample drawn from Griese despite his refusal.
¶3 Because he had refused to submit to a blood test, the police issued Griese a Notice of Intent to Revoke Operating Privilege. Griese filed a timely demand for a refusal hearing under WIS. STAT. § 343.305(9). Griese claimed at the refusal hearing that police had arrested him without probable cause when they transported him from the location of the original traffic stop to the police station for field sobriety tests. No testimony was taken, Griese and the State having stipulated to the facts as set forth in the complaint and attached police reports. They also agreed that the police station was one mile from the location of the stop and that Griese performed the sobriety tests inside the police station.
¶4 The trial court, in a written decision following briefing by the parties, concluded that the police arrested Griese when they put him in the squad car and transported him to the police station and that they lacked probable cause to arrest him at that point in time. Accordingly, the court ruled that Griese had not been "lawfully placed under arrest (under Section 343.305(9)(a)5, Wis. Stats.), so no action will be taken on his operating privilege on account of his refusal to submit to the test in question."
¶5 Four days prior to the scheduled jury trial on the OMVWI charge, Griese filed a motion to exclude all the evidence the police had obtained after his arrest. Griese argued that because the parties had litigated the issue of the lawfulness of Griese's arrest at the refusal hearing, and because the court had issued a final and valid determination that the arrest was unlawful because not based on probable cause, the doctrine of issue preclusion required the court to suppress all the evidence police obtained after Griese's arrest. The trial court denied the motion to suppress. The court acknowledged that the State's burden of proof at the refusal hearing was lower than it would be at a suppression hearing in the criminal case, and that the State had "lost" on the issue of the lawfulness of Griese's arrest. The court concluded, however, that the State would be able to "present more evidence" in criminal proceedings than it had at the refusal hearing and should not be precluded from doing so.
¶6 After the denial of his motion to suppress the blood test result and other evidence obtained following his arrest, Griese pled no contest and was convicted of OMVWI, as a fourth offense. He appeals the judgment of conviction, claiming that the trial court erred by not suppressing post-arrest evidence. See WIS. STAT. § 971.31(10) ("An order denying a motion to suppress evidence ... may be reviewed upon appeal from a judgment of conviction notwithstanding the fact that such judgment was entered upon a plea of guilty.").[2]

ANALYSIS
¶7 The State contends that, despite the trial court's conclusion in the refusal proceeding that the police lacked probable cause when they arrested him, it is entitled to re-litigate the legality of Griese's arrest in its criminal prosecution of Griese for OMVWI. The State relies on State v. Wille, 185 Wis. 2d 673, 518 N.W.2d 325 (Ct. App. 1994), to argue that neither party to a refusal proceeding may be precluded from re-litigating the issue of the lawfulness of an arrest in criminal proceedings that follow a determination on the issue in a refusal proceeding. The State essentially argues that, because the State's burden of proof at a refusal hearing is different than its burden at a suppression hearing in a criminal case, issue preclusion cannot apply. We disagree.
¶8 Whether the doctrine of issue preclusion applies in a given case is a question of law which we decide de novo. Id. at 680.[3] We concluded in Wille that a defendant was not barred by issue preclusion from re-litigating the issue of probable cause for arrest at a suppression hearing incident to a criminal prosecution despite an earlier determination on the issue in favor of the State in a refusal proceeding. Id. at 682. In reaching that conclusion, we acknowledged the general rule of issue preclusion: "`When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" Id. at 680 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1980)).
¶9 We noted in Wille, however, that an exception to the general rule exists when the burden of proof governing the previously litigated issue changes in one of three ways between the two proceedings: [1] "[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; [2] the burden has shifted to his adversary; or [3] the adversary has a significantly heavier burden than he had in the first action." RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) (1982); Wille, 185 Wis. 2d at 681. We explained that the State was "the adversary" (i.e., the party seeking to preclude re-litigation of an issue) in the Restatement formulation, and that the State's burden in sustaining the lawfulness of an arrest is heavier at a suppression hearing than at a refusal hearing, creating the third scenario described in § 28(4). Wille, 185 Wis. 2d at 681 . At a refusal hearing, the State needs only to show that the arresting officer's account concerning probable cause is "plausible," such that a court does not engage in determining credibility or weighing competing evidence. Id. At a suppression hearing, however, a court must assess the credibility of a police officer's account, and those of other witnesses, and it must often choose between conflicting versions of the facts in order to determine whether probable cause for the arrest existed. Id. at 682.
¶10 Thus, the fact that the State previously met the low threshold of proof necessary to sustain an arrest for purposes of a refusal proceeding does not mean that it must also necessarily prevail in the suppression context, where its burden is "significantly greater." See id. Here, of course, we have a reversal of roles and outcome, in that it is Griese and not the State who wishes to avoid relitigation of the arrest issue, and, unlike in Wille, the State lost on that issue in the refusal proceeding. We conclude that the Wille analysis applied to the present facts does not trigger the exception to issue preclusion we relied on in Wille, thus leaving the general rule of preclusion to govern.
¶11 None of the three exception scenarios set forth in RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) apply here. The State is now the "party against whom preclusion is sought," and it had a lighter, not heavier, burden of persuasion on the arrest issue in the refusal proceeding than it would have at a suppression hearing. The burden has not shifted to Griese, now "the adversary," and neither, therefore, does he bear a significantly heavier burden in the criminal proceeding than in the refusal proceedings. In short, a "plausible" account that the arresting officer had probable cause to arrest a person for OMVWI is a sufficient showing for the State to prevail at a refusal hearing, and the State failed to meet even that modest burden. Nothing in the RESTATEMENT (SECOND) OF JUDGMENTS § 28(4) (1982) or our decision in Wille requires that the State, having failed to make a threshold showing of the lawfulness of Griese's arrest, must now be given a second chance to meet its (now higher) burden of proof necessary to sustain the lawfulness of the arrest for purposes of a Fourth Amendment challenge in the criminal proceeding.
¶12 Having rejected the State's assertion that the Wille exception to the application of issue preclusion also governs the present facts, we briefly review the necessary elements for issue preclusion to apply. See Wille, 185 Wis. 2d at 680 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1980)). We conclude that all of the requirements are present on this record. First, the issue of whether the police had probable cause to arrest him is "an issue of law." See State v. Kassian, 207 Wis. 2d 611, 621, 558 N.W.2d 687 (Ct. App. 1996). Second, the issue was "actually litigated." An issue is actually litigated when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined." RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982). This can occur by means other than an evidentiary hearing or trial, for example, "on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment ... a motion for directed verdict, or their equivalents." Id. Here, Griese "properly raised" the issue of whether his arrest was lawful by challenging his arrest at the refusal hearing. It was "submitted for determination" on facts to which the State stipulated, and it was "determined" by the trial court in its ruling that Griese's arrest was unlawful.
¶13 Next, we conclude that the court's decision and order in the refusal proceeding was "a valid and final judgment" terminating the refusal proceeding, which is a "special proceeding" separate and apart from any criminal prosecution for OMVWI. See State v. Shoepp, 204 Wis. 2d 266, 270, 554 N.W.2d 236 (Ct. App. 1996).[4] Finally, the lack of probable cause to arrest Griese at the time he was transported to the police station was the only issue he challenged in the refusal proceeding, and it was the only issue the court addressed and found in his favor. Thus, the trial court's determination on the issue was "essential to the judgment" in the refusal proceeding. See WIS. STAT. § 343.305(9)(d) ("If all issues are determined adversely to the person, the court shall [revoke the person's operating privilege]. If one or more of the issues is determined favorably to the person, the court shall order that no action be taken on the operating privilege...."). Finally, the criminal prosecution is a distinct "subsequent action" between the very same parties, in which the same issue (the lawfulness of Griese's arrest) is relevant to the resolution of a "different claim" (Griese's claim that evidence obtained following his arrest should be excluded from the criminal trial).
¶14 Accordingly, we conclude that the doctrine of issue preclusion applies on the present record. The trial court's determination in the refusal proceeding that the police had arrested Griese without probable cause is conclusive on the issue as it pertains to the admissibility of post-arrest evidence in the criminal case. The trial court thus erred in denying Griese's motion to preclude the State from introducing at the OMVWI trial any evidence it gathered following Griese's unlawful arrest.[5]
¶15 The State also suggests, but does not explicitly argue, that Griese waived his right to seek suppression of the evidence in his criminal case on the grounds that the police unlawfully arrested him. The State points out that, prior to the decision in the refusal proceeding, Griese had not filed a motion in the criminal case challenging his arrest. The State also notes that Griese had filed only a motion entitled "Motion to Suppress2nd Search," which nowhere cited a lack of probable cause for arrest as a basis for excluding evidence in the criminal case. We reject any claim of waiver suggested by the State's argument.
¶16 A defense or objection based on "the use of illegal means to secure evidence" must "be raised before trial by motion or be deemed waived." WIS. STAT. § 971.31(2). As we have noted, Griese moved several days before his scheduled trial to exclude the State's post-arrest evidence based on the determination in the refusal proceeding that his arrest was unlawful. One could argue, however (although the State does not), that Griese's motion to suppress filed on the eve of trial was untimely. "Motions before trial" in misdemeanor actions are to "be served and filed within 10 days after the initial appearance ... unless the court otherwise permits." WIS. STAT. § 971.31(5)(a). The record reveals the following chronology: Griese made his initial appearance on the OMVWI charge on April 30, 2001; he filed a "Motion to SuppressSecond Search" on May 14th, which the court denied on November 14, 2001; the refusal hearing was held on February 26, 2002; and the court issued its written decision determining the arrest to be unlawful on March 27th. Griese first moved to suppress evidence based on the unlawful arrest determination on November 11, 2002, some eighteen months after his initial appearance and seven months after the court's decision and order in the refusal proceeding.
¶17 Griese did not expressly seek, and the court did not expressly grant, leave to file an arguably untimely suppression motion. We note, however, that the State did not object to the court's considering the motion on its merits, and the court did so. After the motion was filed on November 11th, the parties stipulated to removing the scheduled November 15th trial from the calendar in order to provide "an opportunity to file briefs on [the] Motion to ExcludeClaim [sic] Preclusion." The court accepted the stipulation and ordered a briefing schedule proposed by the parties. The court subsequently denied Griese's motion on its merits, not because Griese had failed to timely challenge the lawfulness of his arrest in the criminal proceeding. Thus, the motion was not untimely because the court "otherwise permit[ted]" its filing beyond the statutory ten-day deadline. See WIS. STAT. § 971.31(5)(a).
¶18 In short, Griese properly preserved his claim of error. He raised and argued the issue he presents on appeal in the trial court, with the State's express consent and the trial court's implicit permission. The trial court addressed and ruled on the issue, and it is now properly before us.

CONCLUSION
¶19 For the reasons stated above, we reverse the appealed judgment of conviction and remand to the circuit court for further proceedings. On remand, the court shall enter an order prohibiting the State from introducing at trial any evidence obtained by the police after they placed Griese in a squad car for transport to the police station.
By the Court.  Judgment reversed and cause remanded with directions.
NOTES
[1] This opinion is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f)(2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Because we reverse the appealed judgment, it is not necessary for us to address Griese's claim that the trial court also erred in denying his motion to exclude for sentence enhancement purposes a 1991 OMVWI conviction which he alleged was obtained in violation of his Sixth Amendment right to counsel. Although we do not address Griese's second claim of error, in the event that the State proceeds with the prosecution of the present charge and succeeds in obtaining a conviction, we call the parties' attention to Iowa v. Tovar, 124 S. Ct. 1379 (2004), where the Supreme Court recently concluded that specific judicial admonitions regarding the difficulties and disadvantages of proceeding without counsel are not required prior to the entry of an uncounseled guilty plea to OMVWI. The Court explained that, when an unrepresented defendant wishes to forgo a trial and enter a plea of guilty or no contest, the Sixth Amendment is satisfied "when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Id. at 1381.
[3] In some circumstances, especially when either the party advocating preclusion or the party against whom it would be applied were not parties to the prior litigation, whether issue preclusion should be applied may present questions committed to the exercise of trial court discretion. See Ambrose v. Continental Ins. Co., 208 Wis. 2d 346, 560 N.W.2d 309 (Ct. App. 1997). Here, as in State v. Wille, 185 Wis. 2d 673, 518 N.W.2d 325 (Ct. App. 1994), the parties to the refusal proceeding and to the criminal prosecution were identical, and we conclude that the applicability of the doctrine of issue preclusion on these facts presents only a question of law.
[4] We agree with Griese that the State could have appealed the court's decision and order denying refusal sanctions, and note that it did not do so.
[5] Our conclusion that the refusal proceeding determination that the police unlawfully arrested Griese is not subject to being re-litigated in the criminal proceeding does not mean that we necessarily believe that the determination in the refusal proceeding was correct. The correctness of the determination is not before us; we decide here only the question of what effect it must be given in the criminal proceeding. If the State disagreed with the court's conclusion that police had arrested Griese for OMVWI without probable cause, it could have appealed or moved the trial court to reconsider. The State did neither.