NEUBAUER, C.J.[1]
¶1 Samantha H. Savage-Filo appeals from a judgment of conviction for misdemeanor theft and from an order denying her postconviction motion, which sought to withdraw her plea as not knowing, intelligent, and voluntary due to her trial counsel's ineffective assistance. We affirm, as the factual assertions upon which her argument rests are without any support in the record.
BACKGROUND
¶2 On October 28, 2015, a store customer left her purse, which was full of jewelry, in a shopping cart in the store parking lot and drove away.[2] Realizing that it was missing, she returned, but the purse was gone. Based on store video footage, police and store security were able to determine that the purse was found and taken by a female who left in a blue Ford F-150 pickup truck. Police later identified the female as Savage-Filo.
¶3 On November 4, 2015, police went to speak with Savage-Filo at her home. They noted that a blue Ford F-150 pickup truck was in the driveway. Savage-Filo admitted to finding a purse in a shopping cart when she left the store on October 28. She stated she tried to catch up to the customer who left it, but the customer had driven away. Savage-Filo claimed she went back to the store about twenty minutes later and turned the purse in at the service desk. She maintained she returned the purse, even after police advised her that the video does not show anyone returning it. Police also confirmed with store security that no purse had been returned.
¶4 In October 2016, Savage-Filo was charged with misdemeanor theft and obstructing an officer. In May 2017, she entered an Alford plea to the theft charge with the obstructing charge being dismissed and read in.[3] The court sentenced Savage-Filo to twelve months of probation, with two months of conditional jail time imposed and stayed, and restitution in the amount of $8306.76.
¶5 In March 2018, Savage-Filo filed a postconviction motion, arguing she was entitled to withdraw her plea due to the ineffective assistance of her trial counsel, Curtis Julka. She specifically asserted Julka failed to do the following: (1) consult an expert on the value of the jewelry, (2) determine whether the purse could hold the amount of jewelry claimed, (3) investigate the whereabouts of the missing jewelry, and (4) discuss possible defenses and the elements of the crime.
¶6 At the motion hearing, only Julka testified. After arguments by counsel, the court made numerous findings, one of which was that Julka's testimony was credible. Other findings included the following: (1) Julka worked on the case for a lengthy amount of time, approximately doubling the usual amount for such a charge; (2) he had two or three office visits with Savage-Filo and also met with her at the courthouse; (3) Julka watched the video with Savage-Filo; (4) he checked with store security to determine whether anyone returned the purse; (5) Julka gave Savage-Filo copies of all police reports; (6) he discussed her options, the pros and cons of having a trial, the likelihood of what a jury might do, and the possibility that the case could be reissued as a felony on account of the claimed value of the jewelry; (7) nothing that Julka could have further investigated would have likely led to evidence helpful to her case; (8) despite asserting her innocence, Savage-Filo did authorize Julka to engage in plea negotiations; (9) she understood the evidence against her; and (10) Julka correctly explained to Savage-Filo what an Alford plea is, she understood it, and she decided to forgo the risk of trial and accept a plea bargain.
¶7 Based on its findings, the court denied the motion, concluding that Julka's representation was not deficient and that Savage-Filo made her Alford plea freely, intelligently, and with proper advice of competent counsel. She appeals.
DISCUSSION
¶8 When seeking to withdraw a plea after sentencing, the defendant generally must prove by clear and convincing evidence that a "manifest injustice" has occurred. State v. Shata , 2015 WI 74, ¶29, 364 Wis. 2d 63, 868 N.W.2d 93. One can meet this test by showing that the plea was not entered knowingly, intelligently, and voluntarily on account of the ineffective assistance of counsel. See State v. Cain , 2012 WI 68, ¶26, 342 Wis. 2d 1, 816 N.W.2d 177.
¶9 An ineffective assistance of counsel claim presents a mixed question of fact and law. Shata , 364 Wis. 2d 63, ¶31. The circuit court's findings of fact, which include "the circumstances of the case and the counsel's conduct and strategy," are upheld unless they are clearly erroneous. Id. (citation omitted). The ultimate determination of whether counsel's assistance was ineffective, however, is one of law, receiving our de novo review. Id.
¶10 To prove ineffective assistance of counsel, Savage-Filo must show that (1) Julka's performance was deficient and (2) she was prejudiced by the deficient performance. Id. , ¶33. If a showing of one prong fails, the whole claim fails. See id. A deficient performance is legal representation that falls "below an objective standard of reasonableness considering all the circumstances." Id. , ¶56 (citation omitted). Counsel's performance "need not be perfect, indeed not even very good, to be constitutionally adequate." State v. Thiel , 2003 WI 111, ¶19, 264 Wis. 2d 571, 665 N.W.2d 305 (citation omitted). Prejudice is shown if there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. Id. , ¶20.
¶11 In her postconviction motion, Savage-Filo alleged several specific instances of ineffective assistance, e.g., inadequate investigation into the value and whereabouts of the jewelry and the capacity of the purse to hold it. On appeal, she no longer advances those allegations. Instead, she primarily makes vague criticisms of Julka, alleging he failed to adequately review the evidence and to seek new evidence and that he, believing the evidence against her was strong, "essentially threw up his hands" and sought a deal. Savage-Filo alleges only one specific area of inadequate investigation-Julka did not adequately review the video and, if he had, "he would have seen that the State had no case against" her. In her appellate brief, she contends "she never saw" the video and that her appellate counsel's review of it shows the quality is "appalling," reveals the State had "very little evidence of what occurred" at the store, and that "none" of the evidence "shows what Julka testified to at" the motion hearing.[4]
¶12 The flaws in Savage-Filo's argument are numerous. To start, the video is not in the record. Our review is limited to the record before us, see State v. Parker , 2002 WI App 159, ¶12, 256 Wis. 2d 154, 647 N.W.2d 430, and we do not consider arguments unsupported by references to the record, see Dieck v. Unified Sch. Dist. of Antigo , 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) ; see also WIS. STAT. RULES 809.19(1)(d), (e) and 809.83(2). Even if we wanted to, we are unable to view the video for either quality or content. It would be difficult, if not impossible, to determine that counsel's evaluation of a piece of evidence was deficient when the evidence itself is not of record.[5]
¶13 Furthermore, despite the strongly-worded attack on Julka's assessment of the video, Savage-Filo introduced no evidence disputing Julka's testimony about the video. The circuit court specifically found: Julka's testimony about the video was credible; Julka watched the video with Savage-Filo; the video showed that someone who looked like Savage-Filo took the purse; and she therefore "knew what the evidence was against her when [Julka] explained her options for trial." Because Savage-Filo cites to no record evidence that challenges, much less contradicts, the court's findings, those findings are not clearly erroneous, and we uphold them.
¶14 Most strikingly, Savage-Filo appears to forget that she has admitted to taking the purse. That is, she herself has confirmed what Julka (and before him, the police) has stated that the video shows: she took the purse. And although she asserts she returned the purse to the store, she does not dispute that the video fails to show her making that return, nor does she dispute that the police and Julka confirmed with store security that the purse had not been returned. At the plea hearing, the circuit court asked for the basis of the Alford plea. Julka responded that "there's [a] video as well as an admission" from Savage-Filo that she took the purse, that she claims "that she returned it to" the store, that there is no video to support her claim of returning the purse, and that therefore, while maintaining her innocence, there was "ample evidence" for a jury to convict. When the court asked Savage-Filo if she agreed with Julka's statement, she stated, "Yes." In accepting her plea, the court later stated that "the complaint shows substantial overwhelming evidence" such that "a jury would, in high probability, find the defendant guilty."
¶15 We conclude Savage-Filo's contention that Julka's performance as her trial counsel, to include his assessment of the evidence against her, was deficient is without any support, and we therefore reject it.
¶16 Savage-Filo also asserts that her plea was not knowing, intelligent, and voluntary on account of Julka's failure to discuss with her "possible defenses, the elements of the crime and what could have been argued at trial." Because Julka's investigation was inadequate, she contends she was left unaware of her defenses.[6]
¶17 We reject the argument as undeveloped and unsupported. Savage-Filo does not identify, much less explain, what her possible defenses were or what elements of the crime Julka should have, but failed to, discuss with her. She cannot plausibly contend she would have rejected the Alford plea on account of a defense that she cannot or will not identify. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (declining to review inadequately developed arguments). Further, her argument lacks any factual basis, as the circuit court found that Julka adequately investigated her case, discussed options with her, and explained the pros and cons of going to trial. She makes no criticisms of the plea questionnaire or the court's colloquy. Beyond her broadside against Julka, she does not suggest that any of the court's findings are clearly erroneous. Those findings, which we uphold, completely undercut her contention that her plea was not knowing, intelligent, and voluntary due to Julka's alleged deficient performance.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version.

Many of the factual details are taken from the criminal complaint. Savage-Filo does not dispute the facts, except where noted.

An Alford plea is a guilty plea to a charge while either maintaining innocence or not admitting to having committed the crime. North Carolina v. Alford , 400 U.S. 25 (1970).

At the hearing, Julka testified that, based on his year-old recollection, the video showed a purse in a shopping cart, a person who appeared to be Savage-Filo taking the purse, and various vehicles leaving the parking lot, including what appeared to be Savage-Filo's vehicle.

It does not appear that Savage-Filo's postconviction and appellate counsel received the video until after the motion hearing. We do not see, however, any attempts to correct or supplement the record, and Savage-Filo does not make an issue out of the timing of her receipt of the video.

We agree with the State that Savage-Filo may have confused two types of claims that attempt to show a plea was not knowing, intelligent, and voluntary. As noted, one way to make that showing can be based on a factor extrinsic to the plea colloquy, such as an ineffective assistance of counsel claim. See State v. Bentley , 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). We believe Savage-Filo has meant to frame her appeal as such a claim. Another way to show that a plea was not knowing, intelligent, and voluntary is by attacking the court's plea colloquy as defective. See State v. Bangert , 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). We presume Savage-Filo did not intend to assert this type of claim, as she has not even attempted, as required, to make a prima facie case that the colloquy failed to comply with WIS. STAT. § 971.08 or other mandatory procedures. Bangert , 131 Wis. 2d at 274. She in fact acknowledged in her postconviction motion that the colloquy was sufficient.