NEUBAUER, C.J.[1]
¶1 Michael R. Pace appeals from an order determining that his refusal to submit to a chemical test for blood alcohol content was unlawful. He asserts there was no probable cause to arrest him for operating a vehicle while under the influence of an intoxicant (OWI), thereby making his refusal lawful. We disagree and affirm, as the totality of the circumstances-excessive speed, lane deviation, red, bloodshot eyes, odor of alcohol, and failure to pass field sobriety tests-established probable cause to arrest for OWI.
BACKGROUND
¶2 In the late afternoon on December 25, 2016, Wisconsin State Trooper Michael Lawson was traveling in his squad car on I-94 at seventy miles per hour when he observed a vehicle, later found to be driven by Pace, pass him "at a high rate of speed."[2] The vehicle then deviated from its lane, crossing into the next lane by one to two feet. Lawson pulled Pace over and conducted a traffic stop.
¶3 Lawson approached the vehicle on the passenger side and requested Pace to exit. Once Pace was outside, Lawson noted he had red, bloodshot eyes and a strong odor of alcohol. Lawson asked Pace to perform field sobriety tests, and Pace did not pass them. Lawson arrested Pace, read him the Informing the Accused form, and requested him to submit to a breath test. Pace refused and subsequently requested a refusal hearing under WIS. STAT. § 343.305(9).[3]
¶4 After Lawson testified at the refusal hearing and counsel made their arguments, the circuit court found that Lawson had the necessary probable cause to arrest Pace for OWI and to request he submit to a chemical test of his blood. It entered an order determining that Pace's refusal was unlawful. Pace appeals.
DISCUSSION
¶5 We uphold a circuit court's findings of fact unless they are clearly erroneous, but applying those facts to constitutional principles is a question of law, which we review de novo. State v. Truax , 2009 WI App 60, ¶8, 318 Wis. 2d 113, 767 N.W.2d 369.
¶6 Under the implied consent law, any person who drives on Wisconsin highways is deemed to have consented to submit to a chemical test when requested by a law enforcement officer. WIS. STAT. § 343.305(2). An officer may make that request upon arrest for OWI. Sec. 343.305(3)(a). If a person refuses, they are informed of the State's intent to revoke their driving privileges and that they may request a refusal hearing in court. Sec. 343.305(9)(a).
¶7 Within the context of a refusal hearing, probable cause is established when "the totality of the circumstances within the arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe ... that the defendant was operating a motor vehicle while under the influence of an intoxicant." State v. Nordness , 128 Wis. 2d 15, 35, 381 N.W.2d 300 (1986). The State need only show enough facts that would lead an officer to reasonably "believe that guilt is more than a possibility," County of Dane v. Sharpee , 154 Wis. 2d 515, 518, 453 N.W.2d 508 (Ct. App. 1990) (citation omitted), but the evidence "need not reach the level of proof beyond a reasonable doubt or even that guilt is more likely than not," State v. Lange , 2009 WI 49, ¶38, 317 Wis. 2d 383, 766 N.W.2d 551 (citation omitted). Determining probable cause is a case-by-case inquiry. State v. Kasian , 207 Wis. 2d 611, 622, 558 N.W.2d 687 (Ct. App. 1996).
¶8 In support of his argument that probable cause did not exist for his arrest, Pace points out the following: Pace's actual speed was not established; his lane deviation was minor; no signs of intoxication were reported when Lawson made initial contact; Lawson did not testify whether he asked Pace if he consumed any alcohol; and, although Lawson testified generally that Pace failed the field sobriety tests, no test details were provided, such as which tests were performed or how Pace failed them.
¶9 We disagree that the facts failed to support probable cause. Focusing mostly on what the facts did not show, Pace wrongly diminishes what they did show, which, taken together, was "more than a possibility" that he had committed OWI: the exact number notwithstanding, Pace does not dispute that he passed Lawson, who was travelling at seventy miles per hour, "at a high rate of speed" and that he was in fact speeding, a traffic violation; the degree of his lane deviation also notwithstanding, Pace acknowledges the deviation, another traffic violation; Pace's red, bloodshot eyes and odor of alcohol, while not at first noticed due to Lawson's initial perspective being on the passenger side, were apparent once Pace exited the vehicle; and, though he was not asked for details about the testing, Lawson did testify that he had been trained to detect impaired drivers under the National Highway Traffic Safety Administration Standards, that he administered field sobriety tests to Pace, and that Pace did not pass "any" of them.[4]
¶10 Pace suggests that, without additional testimony explaining the tests, we should not attach much significance to them, citing County of Jefferson v. Renz , 222 Wis. 2d 424, 445-46, 588 N.W.2d 267 (Ct. App. 1998) (Renz I ), rev'd on other grounds , County of Jefferson v. Renz , 231 Wis. 2d 293, 603 N.W.2d 541 (1999) (Renz II ). In Renz I , the driver had been pulled over for a loud exhaust, but because he smelled of alcohol and admitted to having had three beers, the officer administered field sobriety tests. Renz I , 222 Wis. 2d at 428. The driver passed some aspects of tests, failed others, and his performance on yet others was unclear. Id. at 429. In this regard, on the finger-to-nose test, he touched the bridge rather than the tip of his nose, and for the walk-and-turn test, he left one-half to one inch between his heel and toe. Id. Because the significance of these lapses was never explained by the officer, Renz I did not accord much weight to them as indicators of the driver's capacity to drive safely. Id. at 444-46.
¶11 Pace's reliance on Renz I is misplaced. It does not hold that field sobriety tests are of evidentiary value only if particular details about the tests are put in the record. Rather, that case pertains to lapses or ambiguities in the performance of the tests that are never explained, which contrasts with the case at hand, where it is undisputed and clear that Lawson administered the tests and that Pace failed them. There are no alleged lapses or ambiguities in Pace's test performance. Had Pace believed that certain details about the tests or his test performance were important, he should have inquired about those details during cross-examination.[5]
¶12 Moreover, and as Pace acknowledges, field sobriety tests are not a prerequisite for probable cause to arrest. See Kasian , 207 Wis. 2d at 622 ("In some cases, the field sobriety tests may be necessary to establish probable cause; in other cases, they may not."). In other words, probable cause can be shown with other facts and circumstances. See Lange , 317 Wis. 2d 383, ¶¶37-38 (pointing out that, while certain evidence-odors, an admission, or containers-may be common in drunk driving cases, no particular type of evidence is required). Here, when Pace's failure to pass any of the field sobriety tests is combined with his improper driving (two types of moving violations) and his telling personal appearance (red, bloodshot eyes and alcoholic odor), probable cause for an OWI arrest was established, making his refusal unlawful.
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version.

The facts, which are not in dispute, are based on the testimony of Lawson at the refusal hearing.

In addition to Lawson's testimony, two excerpts from the squad car video were shown and received into evidence, but are not part of the appellate record. Based on the hearing transcript, one excerpt showed Pace's lane deviation and Lawson conducting the stop, and the other showed Lawson reading the Informing the Accused form and Pace refusing.

As noted, Pace concedes his lane deviation was a traffic violation, but asserts it was "minor" and not nearly as dangerous as the driving in other cases where probable cause was found to exist. See, e.g., State v. Lange , 2009 WI 49, ¶24, 317 Wis. 2d 383, 766 N.W.2d 551 ; Washburn Cty. v. Smith , 2008 WI 23, ¶¶8-9, 308 Wis. 2d 65, 746 N.W.2d 243. Pace asserts the squad car video confirms this. But even if we wanted to assess his claim, we are unable to do so as the video excerpts were not made part of the appellate record. Our review is limited to the record before us, see State v. Parker , 2002 WI App 159, ¶12, 256 Wis. 2d 154, 647 N.W.2d 430, and we do not consider arguments unsupported by references to the record, see Dieck v. Unified Sch. Dist. of Antigo , 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) ; see also Wis. Stat. Rules 809.19(1)(d), (e), 809.83(2).

Further, although the Wisconsin Supreme Court in Renz II did not fully overrule Renz I , it implicitly disagreed with Renz I 's view that additional explanation about the tests was required. Renz II cited to the driver's lapses in both the finger-to-nose and walk-and-turn tests as indicators of intoxication and did so without suggesting it needed further details. See County of Jefferson v. Renz , 231 Wis. 2d 293, 316-17, 603 N.W.2d 541 (1999) (Renz II ).