COUNTY OF DANE, Plaintiff-Respondent,

v.

Gerald P. SHARPEE, Defendant-Appellant.†

Court of Appeals

*No. 89–1282. Submitted on briefs December 12, 1989.—Decided January 25, 1990.*

(Also reported in 453 N.W.2d 508.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Ralph A. Kala* of *Kala & Habermehl,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *C. William Foust,* district attorney, and *Jonathan G. Kaiser,* assistant district attorney.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.   Gerald P. Sharpee appeals from a judgment convicting him of operating a motor vehicle while intoxicated, contrary to a Dane County ordinance adopting sec. 346.63(1), Stats. The issue on appeal concerns only Sharpee's arrest: Is an arrest on probable cause for driving while intoxicated voided *per se* by a

preliminary breath test, administered on the scene, that indicates a blood alcohol content of .01 percent? We conclude that it is not, and we therefore affirm the judgment.

The facts are undisputed. Dane County Sheriff's Deputy Lori Rortvedt stopped Sharpee's automobile in the early morning hours because it was not displaying license plates. Upon confronting Sharpee she noticed a strong odor of intoxicants, that his speech was slurred, his eyes bloodshot, and that he had "a blank stare." Sharpee told her he had had "two or three drinks" that evening.

Rortvedt asked Sharpee to perform a standard "field sobriety test"—"the horizontal gaze" test—and she also asked him to recite the alphabet.[1] According to Rortvedt, Sharpee "failed" the gaze test and, while performing it, his balance was unsteady and he was swaying from front to back. She also testified that Sharpee could not accurately recite the alphabet and that the letters he did recite were "slurred together."

Rortvedt then administered an on-site preliminary breath test to Sharpee, receiving a reading of .01 percent—a figure roughly one-tenth the level at which intoxication is established *prima facie* under sec. 885.235(1)(c), Stats. Rortvedt then placed Sharpee under arrest for driving while intoxicated.

Sharpee does not seriously dispute that, up to the point of the preliminary breath test, probable cause existed for the arrest. He contends, however, that the low preliminary breath test results "dissipated" that probable cause and voided any grounds for arrest.

---

[1]Due to a physical disability, Sharpee was not able to perform other "routine" tests, such as walking a straight line and balancing on one leg.

Probable cause to arrest exists where the officer, at the time of the arrest, has knowledge of facts and circumstances sufficient to warrant a person of reasonable prudence to believe that the arrestee is committing, or has committed, an offense. *Village of Elkhart Lake v. Borzyskowski,* 123 Wis. 2d 185, 189, 366 N.W.2d 506, 508 (Ct. App. 1985). As the very name implies, it is a test based on probabilities; and, as a result, the facts faced by the officer "need only be sufficient to lead a reasonable officer to believe that guilt is more than a possibility." *Id.* It is also a commonsense test. The probabilities with which it deals are not technical: "[T]hey are the factual and practical considerations of everyday life on which reasonable and prudent men [and women], not legal technicians, act." *State v. Paszek,* 50 Wis. 2d 619, 625, 184 N.W.2d 836, 840 (1971), quoting *Brinegar v. United States,* 338 U.S. 160, 175 (1949). Finally, courts will look to the totality of the facts and circumstances faced by the officer at the time of the arrest to determine whether he or she reasonably believed that the defendant had committed an offense. *Monroe County v. Kruse,* 76 Wis. 2d 126, 130–31, 250 N.W.2d 375, 377 (1977).

Sharpee, relying on *United States v. Marin-Buitrago,* 734 F.2d 889 (2d Cir. 1984), argues that the low preliminary breath test results negated any probable cause that may have existed up to that time and thus the subsequent arrest was invalid. In *Marin-Buitrago,* the court held that where there has been "a definite and material change" in the facts underlying a magistrate's determination of probable cause to issue a search warrant, there is a "duty to report [the] new or correcting information to the magistrate" for a redetermination of probable cause. *Id.* at 894. The court went on to hold on the facts of the case that the "new informa-

tion"—certain questions concerning the defendant's identity—would not affect the probable cause determination and upheld the warrant. *Id.* at 895–96. We do not consider *Marin-Buitrago* to be controlling on the issue before us.

Administration of preliminary breath tests is governed by sec. 343.303, Stats., which provides in part:

> If a law enforcement officer has probable cause to believe that the person is . . . or has violated [the drunk driving laws] the officer . . . *may request* the person to provide a sample of his or her breath for a preliminary . . . screening test . . .. The result of this . . . test *may be used* by the . . . officer for the purpose of deciding whether or not the person shall be arrested for a violation of [the drunk driving laws] . . .. [Emphasis added.]

The legislature's repeated use of the word "may" in the statute indicates to us that the preliminary breath test is not, as Sharpee contends, determinative of the issue of probable cause to arrest for driving while intoxicated. Under the statute, the officer "may," if he or she desires, request the stopped person to provide a breath sample for preliminary testing. Once administered, the test results "may be used" by the officer to determine "whether . . . the person shall be arrested . . .." In other words, if the officer, in his or her discretion, decides to request a sample, and if the person agrees to provide it, the officer—again in his or her discretion—may (or may not) use the test result in deciding whether there is cause to arrest.

There is no question that, absent the preliminary breath test, probable cause existed for the arrest. As we

have said, Sharpee concedes as much.[2] However, we decline his invitation to make such a test the sole determinant of probable cause to arrest. To do so would be to rewrite sec. 343.303, Stats., and that is a legislative, not a judicial, function. The preliminary breath test is one of several elements going into the existence of probable cause to arrest—it is part of the "totality of circumstances" upon which the officer's determination of probable cause must rest.[3] It is not the sole determinant.

*By the Court.*—Judgment affirmed.

---

[2]He states: "Defendant concedes that the performance of these [field sobriety] tests, coupled with the officer's earlier observations of the defendant, justified the administration of a preliminary breath test . . . based upon probable cause *at that point* to believe the defendant was operating a motor vehicle while intoxicated." (Emphasis in original.) It is an appropriate concession. *See State v. Sayles,* 124 Wis. 2d 593, 595–96, 370 N.W.2d 265, 267 (1985) (weaving in traffic, bloodshot eyes, hesitant answers and failure to pass field sobriety tests held sufficient probable cause to arrest even in the absence of any odor of intoxicants on defendant's breath.)

[3]We note, too, that under sec. 885.235, Stats., any chemical analysis of blood alcohol levels is only *prima facie* evidence of the actual concentration and intoxication.