STATE of Wisconsin, Plaintiff-Respondent,

v.

Christopher J. FELTON, Defendant-Appellant.†

Court of Appeals

*No. 2011AP2119–CR. Submitted on briefs July 30, 2012.
—Decided September 18, 2012.*

2012 WI App 114

(Also reported in 824 N.W.2d 871.)

† Petition for Review filed 10-17-12.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Associates*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Michael C. Sanders*, assistant attorney general.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. FINE, J.  Christopher J. Felton appeals the judgment entered on his guilty plea convicting him of a fourth offense drunk driving under WIS. STAT. §§ 346.63(1)(a) and 346.65(2)(am)4m.[1] He argues that the police officer who arrested him did not have probable cause to give him a preliminary-breath test because he passed all of the properly administered field sobriety tests. He also argues that there was no evidence that the preliminary-breath-test instrument was approved or certified as accurate. The trial court denied Felton's motion to suppress evidence because of what he contends was his unlawful arrest.[2] We affirm.

---

[1] Felton's notice of appeal designates the wrong judge as having entered the judgment from which he appeals. We disregard this inconsequential error. *See* WIS. STAT. RULE 805.18(1) ("The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.") (made applicable to appellate procedures by WIS. STAT. RULE 809.84).

[2] A defendant may appeal from an order denying a motion to suppress evidence even though the judgment of conviction rests on a guilty plea. WIS. STAT. § 971.31(10).

485

## I.

¶ 2. Daniel Courtier, a sergeant with the White-fish Bay police department, arrested Felton for drunk driving on an early January morning. Courtier was the only witness to testify at the suppression hearing. He told the trial court that he was on routine patrol when he saw Felton's car linger unusually long at a stop sign. Courtier watched the car then stop appropriately at a flashing red-lights traffic-control signal but go right through another stop sign at approximately twenty miles per hour, not even slowing down. Felton then obeyed another stop sign.

¶ 3. Sergeant Courtier stopped Felton, and testified that Felton's "eyes were glassy and bloodshot." Courtier also said that he "could detect a strong odor of intoxicants coming out of the" car. He asked Felton "if he had consumed any alcoholic beverages." Felton said that he had, and the video/audio tape of the stop indicated that Felton said that he had three beers, two hours earlier. There was a passenger in Felton's car, and Courtier took Felton away from the car and "had him walk over to the sidewalk" in order to "to make sure [the odor was] actually coming from the driver, which I verified [it was]." As noted, Felton was the driver. Courtier said that Felton cooperated fully and that his responses to Courtier were appropriate.

¶ 4. Sergeant Courtier then had Felton do three field-sobriety tests: (1) Horizontal Gaze Nystagmus, which looks "for involuntary jerkiness in the eyes which is a — something that occurs to people who have consumed alcohol"; (2) "Walk-and-Turn," which tests the ability to walk in a straight line; and (3) "One-Leg Stand," which, as its name suggests, assesses the subject's ability to remain steady while standing on one

leg. Although the Horizontal-Gaze-Nystagmus test is supposed to be done without glasses, Felton told Courtier that he could not see the target object without his glasses, and Courtier let him wear them. According to Courtier, Felton failed that test, but the trial court found that it was not properly given and disregarded it. We do too, and thus do not have to decide whether and to what extent an officer's reasonable belief that an improperly administered field-sobriety test justifies asking the driver to take a preliminary-breath test because, as we see below, we conclude that Courtier had the requisite probable cause even if the Horizontal-Gaze-Nystagmus test is disregarded. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed). *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground"). Felton successfully completed the One-Leg-Stand test, and only faltered slightly once when he did the Walk-and-Turn test, which, under the testing standards Courtier followed, also counted as a successful completion.

¶ 5.  The trial court ruled that even though Felton passed the properly given field-sobriety tests (although it counted the one minor misstep in the Walk-and-Turn test as a "clue" indicating possible intoxication), Sergeant Courtier had the requisite probable cause to give Felton a preliminary-breath test. When the results indicated that Felton may have been driving in violation of Wis. Stat. § 346.63(1) (unlawful to drive "[u]nder the influence of an intoxicant" or with "a prohibited alcohol concentration"), Courtier arrested Felton for drunk driving.

¶ 6.  As noted, Felton claims on appeal that Courtier did not have probable cause to give him the preliminary-breath test, and, also, that there was no

487

evidence that the preliminary-breath-test instrument was approved or properly calibrated. He does not, however, dispute that the results of that test gave the officer probable cause to arrest him.

## II.

¶ 7. WISCONSIN STAT. § 343.303, provides, as material here:

> If a law enforcement officer has probable cause to believe that the person is violating or has violated s. 346.63(1) . . . the officer, prior to an arrest, may request the person to provide a sample of his or her breath for a preliminary breath screening test using a device approved by the department for this purpose. The result of this preliminary breath screening test may be used by the law enforcement officer for the purpose of deciding whether or not the person shall be arrested for a violation of s. 346.63(1) . . . . The result of the preliminary breath screening test shall not be admissible in any action or proceeding except to show probable cause for an arrest, if the arrest is challenged, . . . .

■■■■

¶ 8. This section does not require that the officer have probable cause to arrest a driver for drunk driving before giving that driver a preliminary-breath test. *County of Jefferson v. Renz*, 231 Wis. 2d 293, 295, 315–316, 603 N.W.2d 541, 542, 551–552 (1999). Rather, the statute's phrase " 'probable cause to believe' refers to a quantum of proof greater than the reasonable suspicion necessary to justify an investigative stop . . . but less than the level of proof required to establish probable cause for arrest." *Id.*, 231 Wis. 2d at 316, 603 N.W.2d at 552. Thus, a preliminary-breath test "may be requested when an officer has a basis to justify an

investigative stop but has not established probable cause to justify an arrest. *State v. Fischer*, 2010 WI 6, ¶ 5, 322 Wis. 2d 265, 273, 778 N.W.2d 629, 633, *habeas corpus granted, Fischer v. Ozaukee County Circuit Court*, 741 F. Supp. 2d 944 (E.D. Wis. 2010) (magistrate judge).[3] Whether Sergeant Courtier had probable cause to give Felton a preliminary-breath test is a legal issue that we decide *de novo,* accepting the trial court's findings of fact unless they are clearly erroneous. *See Renz*, 231 Wis. 2d at 316, 603 N.W.2d at 552. We now turn to Felton's contentions.

*A. Probable cause under WIS. STAT. § 343.303 to give Felton the preliminary-breath test.*

¶ 9. As *Renz* explained, the "probable cause" concept has various roles in the law, depending on what is at issue. *See Renz*, 231 Wis. 2d at 304–305, 308–309, 310–311, 603 N.W.2d at 546–547, 548, 549–550. "The question of probable cause must be assessed on a case-by-case basis, looking at the totality of the circumstances. Probable cause is a 'flexible, common-sense measure of the plausibility of particular conclusions about human behavior.' " *State v. Lange*, 2009 WI 49, ¶ 20, 317 Wis. 2d 383, 392, 766 N.W.2d 551, 555 (prob-

---

[3] State courts are bound by decisions of the United States Supreme Court interpreting federal law, not those of the lower federal courts. *State v. Webster*, 114 Wis. 2d 418, 426 n.4, 338 N.W.2d 474, 478 n.4 (1983); *State v. Beauchamp*, 2010 WI App 42, ¶ 17, 324 Wis. 2d 162, 177–178, 781 N.W.2d 254, 261 ("On federal questions, Wisconsin courts are bound only by the decisions of the United States Supreme Court."), *aff'd,* 2011 WI 27, 333 Wis. 2d 1, 796 N.W.2d 780. In any event, Felton does not contend that the magistrate judge's decision affects his appeal.

able cause to arrest) (footnotes and quoted source omitted). The common-sense inquiry here is thus what did Sergeant Courtier know that led him to give Felton a preliminary-breath test. The Record reveals the following:

- Felton's eyes were glassy and bloodshot.

- Felton smelled of alcohol.

- Felton admitted to drinking three beers, two hours before Courtier stopped him.

- As the trial court found, Courtier saw Felton "staying too long at one stop sign and then completely blowing another."

- Courtier knew before he asked Felton to take the preliminary-breath test that Felton had other drunk-driving convictions, and an officer may consider a driver's prior convictions in determining whether to give a preliminary-breath test. *See State v. Goss*, 2011 WI 104, ¶ 22, 338 Wis. 2d 72, 88–89, 806 N.W.2d 918, 926; *see also Lange*, 2009 WI 49, ¶ 33, 317 Wis. 2d at 397, 766 N.W.2d at 557 (probable cause for arrest).

¶ 10.  That Felton successfully completed all of the properly administered field-sobriety tests does not, as Felton argues, subtract from the common-sense view that Felton may have had a blood-alcohol level that violated WIS. STAT. § 346.63(1), any more than innocent behavior automatically negates either probable cause or even the lower reasonable-suspicion standard, *see United States v. Sokolow*, 490 U.S. 1, 9–10 (1989). Indeed, Courtier would have been fully justified in asking Felton to take a preliminary-breath test without even asking him to perform any field-sobriety tests because they are not needed to establish probable cause

to arrest someone for drunk driving, *Washburn County v. Smith*, 2008 WI 23, ¶ 33, 308 Wis. 2d 65, 81, 746 N.W.2d 243, 251, and, as we have seen, the probable-cause standard is lower for assessing the validity of giving a preliminary-breath test than it is for an arrest, *see Renz*, 231 Wis. 2d at 316, 603 N.W.2d at 552. The totality of the circumstances here fully establish that Sergeant Courtier had "probable cause" under WIS. STAT. § 343.303 to ask Felton to take the preliminary-breath test. *See Fischer*, 2010 WI 6, ¶ 5, 322 Wis. 2d at 273, 778 N.W.2d at 633 (A preliminary-breath test "may be requested when an officer has a basis to justify an investigative stop but has not established probable cause to justify an arrest.").

B. *The preliminary-breath-test device.*

■

¶ 11. Felton argues that the trial court errone-ously accepted the results of his preliminary-breath test as establishing probable cause for his drunk-driving arrest because the State did not first establish that the measuring device "had been subjected to some level of testing and calibration, and approved by the Depart-ment of Transportation." The trial court overruled his objection, noting that no statute prohibited receipt of the results of a preliminary-breath test given under WIS. STAT. § 343.303 "for the purpose of deciding whether or not the person shall be arrested for a violation of s. 346.63(1)." On our *de novo* review of the legal issue of evidentiary admissibility, *see Lievrouw v. Roth*, 157 Wis. 2d 332, 348, 459 N.W.2d 850, 855 (Ct. App. 1990) (A decision to receive or exclude evidence must be made "in accordance with accepted legal stan-

dards and in accordance with the facts of record.")
(some quotation marks omitted; quoted sources omit-
ted), we agree.

¶ 12. First, although Felton argues that because
the blood-alcohol level revealed by a preliminary-breath
test is relevant "to show probable cause for an arrest, if
the arrest is challenged," WIS. STAT. § 343.303, the
preliminary-breath test is a "quantitative" test that
requires the same or similar assurances of accuracy
that is needed before the results of blood-alcohol tests
may be received as evidence at trial. *See* WIS. STAT.
§ 343.305(6) ("(a) Chemical analyses of blood or urine to
be considered valid under this section shall have been
performed *substantially according to methods approved*
by the laboratory of hygiene and by an individual
possessing a valid permit to perform the analyses issued
by the department of health services." The rest of
subsection (6) sets out lengthy criteria that must be met
before the analyses may "be considered valid" under
§ 343.305(6)). As the trial court noted correctly, though,
no statute similarly preconditions the use of the
preliminary-breath test when it is used by a law-
enforcement officer "for the purpose of deciding
whether or not the person shall be arrested for a
violation of s. 346.63(1)." § 343.303. Absent a statute
that compels such a result in connection with a blood-
alcohol testing device, the proponent need not show
compliance with administrative rules, *see City of New
Berlin v. Wertz*, 105 Wis. 2d 670, 671–673, 677, 314
N.W.2d 911, 911–912, 914 (Ct. App. 1981) ("claimed
noncompliance with certain provisions of the code goes
only to the weight, not to the admissibility, of the
breathalyzer test"), even though, as we have seen, WIS.
STAT. § 343.303 says that officers giving a preliminary

breath test should use "a device approved by the department for this purpose."[4]

¶ 13.  Second, preliminary-breath tests "are routinely relied on to establish probable cause for arrest." *Fischer*, 2010 WI 6, ¶¶ 7, 36, 322 Wis. 2d at 274, 292–293, 778 N.W.2d at 633, 642. Indeed, as we have seen, this is the legislature's command, as reified in WIS. STAT. § 343.303, and if the legislature deemed that evidence of approval or certification was a necessary prerequisite to use of the preliminary-breath test it would have so provided. *See Progressive Northern Ins. Co. v. Romanshek*, 2005 WI 67, ¶ 52, 281 Wis. 2d 300, 330, 697 N.W.2d 417, 431 (legislative silence in face of court interpretations).

¶ 14.  The trial court did not err in concluding that Sergeant Courtier lawfully arrested Felton.

*By the Court.*—Judgment affirmed.

---

[4] A preliminary-breath test may be admissible for purposes other than those specified in WIS. STAT. § 343.303. *See State v. Fischer*, 2010 WI 6, ¶ 7, 322 Wis. 2d 265, 293, 778 N.W.2d 629, 642, *habeas corpus granted, Fischer v. Ozaukee County Circuit Court*, 741 F. Supp. 2d 944 (E.D. Wis. 2010) (magistrate judge). When it is, the proponent must lay a proper evidentiary scientific foundation. *State v. Doerr*, 229 Wis. 2d 616, 624–625, 599 N.W.2d 897, 901–902 (Ct. App. 1999) (battery to and resisting an officer).