FITZPATRICK, J.[1]
¶ 1 Michael Hale appeals an order of the circuit court which held that he refused to submit to a chemical test in violation of WIS . STAT. § 343.305(9)(a). Hale challenges whether the officer had probable cause to believe that Hale was operating a motor vehicle while under the influence of an intoxicant and to arrest him for that crime. For the following reasons, I affirm.
BACKGROUND
¶ 2 On December 9, 2017, Hale was charged with operating a motor vehicle while under the influence of an intoxicant and refusing to submit to a chemical test. WIS. STAT. §§ 346.63(1)(a), 343.305(9)(a). Hale timely requested a refusal hearing pursuant to § 343.305(9)(a)4. The circuit court held the refusal hearing and found that the responding officer had probable cause to believe that Hale was operating a motor vehicle while under the influence of an intoxicant. The circuit court further found that the officer complied with the requirements of § 343.305(4) and that Hale refused to submit to a chemical test in violation of § 343.305(9)(a). Hale appeals the order from the refusal hearing.
¶ 3 The following facts regarding Hale's refusal to submit to a chemical test are gleaned from the record.
¶ 4 On December 9, 2017, a citizen caller contacted the City of Reedsburg Police Department around 2:00 p.m. The caller reported concern about a driver who appeared to be injured and seemed "off." The caller reported seeing the driver driving away from a convenience store location in the City.
¶ 5 City of Reedsburg police officer Josh Hoege responded to the call and found the vehicle in front of a nearby grocery store in a fire lane with the engine running. Officer Hoege approached the vehicle and found Hale in the driver's seat, slumped over. Officer Hoege knocked on the driver door window, and Hale rolled the window down. Officer Hoege testified that he could smell the odor of intoxicants on Hale's breath. Officer Hoege asked Hale whether he had consumed any alcohol, and Hale responded that he had not. Officer Hoege observed that Hale's eyes were red and glassy, that Hale's speech was slurred, and that Hale had suffered apparent injuries to his left hand and head. Hale was unable to answer how he sustained those injuries.
¶ 6 Officer Hoege asked Hale to exit the vehicle and perform a preliminary breath screening test. Officer Hoege observed that Hale's movements were slow and delayed as he exited the vehicle. Hale refused to perform the preliminary breath test. Officer Hoege asked Hale to perform field sobriety tests, and Hale again refused. Officer Hoege then placed Hale under arrest for operating a motor vehicle while under the influence of an intoxicant. Officer Hoege searched the vehicle incident to the arrest and found a bottle of alcohol and a tumbler that smelled of alcohol. After the arrest, Officer Hoege took Hale to the police department where he read Hale the "Informing the Accused" information pursuant to WIS. STAT. § 343.305(4). Hale then refused to submit to chemical testing.
DISCUSSION
¶ 7 One issue on appeal is whether the officer had the requisite level of probable cause to believe that Hale was operating a motor vehicle while under the influence of an intoxicant, and another issue that Hale appears to raise is whether the officer had probable cause to arrest Hale for that crime.[2] Hale also contends that the citizen tip that led the officer to find Hale was not sufficiently reliable. For the following reasons, I am not persuaded by Hale's arguments and affirm.
I. Standard of Review.
¶ 8 Whether an officer has probable cause to believe that a person was operating a motor vehicle while under the influence of an intoxicant, or to arrest that person, is a "question of constitutional fact, which is a mixed question of law and fact to which we apply a two-step standard of review." State v. Anagnos , 2012 WI 64, ¶ 21, 341 Wis. 2d 576, 815 N.W.2d 675. First, this court reviews the circuit court's findings of historical and evidentiary fact, and those findings are upheld unless clearly erroneous. Id. Under the clearly erroneous standard, this court will not "upset the trial court's findings of historical or evidentiary fact unless they are contrary to the great weight and clear preponderance of the evidence." State v. Popke , 2009 WI 37, ¶ 20, 317 Wis. 2d 118, 765 N.W.2d 569 (quoting State v. Turner , 136 Wis. 2d 333, 343, 401 N.W.2d 827 (1987) ). Second, we review the application of those facts to constitutional principles de novo. Anagnos , 341 Wis. 2d 576, ¶ 21.
II. Probable Cause.
¶ 9 An officer who has probable cause to believe that a person is operating a motor vehicle while under the influence of an intoxicant may, prior to making an arrest, request that the person provide a breath sample for a preliminary breath screening test. WIS. STAT. § 343.303. The phrase "probable cause to believe," as it is used in § 343.303, "refers to a quantum of proof greater than the reasonable suspicion necessary to justify an investigative stop ... but less than the level of proof required to establish probable cause for arrest." County of Jefferson v. Renz , 231 Wis. 2d 293, 316, 603 N.W.2d 541 (1999).
¶ 10 In addition, Hale appears to argue (but, at times, it is hard to tell) that the officer did not have probable cause to arrest him. "Probable cause to arrest exists where the officer, at the time of the arrest, has knowledge of facts and circumstances sufficient to warrant a person of reasonable prudence to believe that the arrestee is committing, or has committed, an offense." County of Dane v. Sharpee , 154 Wis. 2d 515, 518, 453 N.W.2d 508 (Ct. App. 1990). When determining whether probable cause to arrest exists, we examine the totality of the circumstances. State v. Blatterman , 2015 WI 46, ¶ 35, 362 Wis. 2d 138, 864 N.W.2d 26. A person's refusal to submit to a preliminary breath screening test or a field sobriety test is relevant as "evidence of consciousness of guilt" and may be considered in finding probable cause to arrest a person for operating a motor vehicle while under the influence of an intoxicant. See State v. Mallick , 210 Wis. 2d 427, 434, 565 N.W.2d 245 (Ct. App. 1997).
¶ 11 To simplify the analysis, I will apply the more stringent probable cause to arrest standard to each portion of the discussion that follows.
III. The Officer Had the Requisite Probable Cause.
¶ 12 The circuit court found that the officer observed several indicators of intoxication. As noted above, I am bound to uphold the circuit court's findings of historical and evidentiary fact unless those are contrary to the great weight and clear preponderance of the evidence. The following historical and evidentiary facts found by the circuit court created the requisite probable cause to arrest Hale for operating a motor vehicle while under the influence of an intoxicant:
• The officer found Hale slumped over in the driver's seat while the vehicle was parked in a fire lane with the engine running.
• The officer smelled the odor of intoxicants on Hale's breath.
• The officer observed that Hale's eyes were red and glassy.
• The officer observed that Hale's speech was slurred.
• The officer observed that Hale had suffered injuries to his left hand and head and was unable to answer how he sustained those injuries.
• The officer observed that Hale's movements were slow and delayed when Hale exited the vehicle.
¶ 13 Hale does not argue that these facts were contrary to the great weight and clear preponderance of the evidence. Instead, Hale cites to State v. Felton , 2012 WI App 114, 344 Wis. 2d 483, 824 N.W.2d 871, arguing that the officer in Felton observed more signs of intoxication than are present here. This argument is not persuasive. Felton does not provide a definitive set of indicia of intoxication that mathematically add up to probable cause. Rather, the probable cause determination is made on a case-by-case basis, and we look at the totality of the circumstances in each case. State v. Multaler , 2002 WI 35, ¶ 34, 252 Wis. 2d 54, 643 N.W.2d 437. The totality of the circumstances here shows that the officer observed sufficient indicia of intoxication to support probable cause to arrest Hale for operating a motor vehicle while under the influence of an intoxicant. See State v. Powers , 2004 WI App 143, ¶ 11, 275 Wis. 2d 456, 685 N.W.2d 869 (listing odor of intoxicants, slurred speech, and glassy eyes as indicia of intoxication).
¶ 14 Because the officer had probable cause to arrest Hale, it necessarily follows that the officer also had probable cause to believe that Hale was operating a motor vehicle while under the influence of an intoxicant.
¶ 15 Hale also contends that the tip which led the officer to make contact with Hale was unreliable. However, Hale concedes that he is not challenging the legality of the initial contact between the officer and Hale. Therefore, the reliability of the tip is not at issue because the initial contact was lawful and, entirely independent of the tip, the officer developed probable cause to request a preliminary breath test and ultimately arrest Hale.
¶ 16 Assuming that Hale is in fact challenging whether the tip provided the officer with reasonable suspicion, he is incorrect. The citizen caller[3] reported that a driver had driven away from the convenience store, seemed "off," and had suffered apparent injuries. After arriving at the convenience store, the officer searched for the vehicle and located it in a fire lane in front of a nearby business with the engine running. The officer observed that Hale was slumped over in the driver's seat and that Hale had apparent injuries to his left hand and head. Thus, the officer independently corroborated the caller's statements. Accordingly, I conclude that the tip was sufficiently reliable. See State v. Miller , 2012 WI 61, ¶ 32, 341 Wis. 2d 307, 815 N.W.2d 349 (explaining that, when an informant is more reliable, "there does not need to be as much detail in the tip or police corroboration in order for police to rely on that information"); see also Powers , 275 Wis. 2d 456, ¶ 14 (independent verification of tip is relevant as to whether there was reasonable suspicion).
CONCLUSION
¶ 17 For the foregoing reasons, I affirm the order of the circuit court.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

The State argues that Hale forfeited his right to challenge the preliminary breath test and that the preliminary breath test was legally administered in the context of an obstructing an officer investigation. Because I conclude that the officer had probable cause, I do not reach these arguments. Barrows v. American Family Ins. Co. , 2014 WI App 11, ¶ 9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

Citizen informants are "generally considered among the most reliable informants." State v. Miller , 2012 WI 61, ¶ 31 n.18, 341 Wis. 2d 307, 815 N.W.2d 349. Even if the informant here is considered anonymous, as Hale urges, an anonymous informant "is considered reliable if police are able to corroborate details in the informant's tip." Id.