**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 29, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2021AP340-CR**

Cir. Ct. No. 2020CT275

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

    V.

MICHAEL T. PACZKOWSKI,

    DEFENDANT-RESPONDENT.

 

APPEAL from an order of the circuit court for Walworth County: DANIEL STEVEN JOHNSON, Judge. *Reversed and cause remanded for further proceedings.*

¶1 GROGAN, J.[1] The State of Wisconsin appeals from the circuit court order suppressing evidence obtained by two Walworth County Sheriff Deputies in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f)(2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

the case against Michael T. Paczkowski, who was arrested for operating a motor vehicle while intoxicated (OWI) and operating with a prohibited alcohol concentration (PAC), both as second offenses, contrary to WIS. STAT. §§ 346.63(1)(a)&(b) and 346.65(2)(am)2. Because the totality of the circumstances demonstrate that the deputies had probable cause to perform a preliminary breath test (PBT), this court reverses the order granting the suppression motion.

## I.    BACKGROUND

¶2      In June 2020, Paczkowski crashed his motorcycle while in the Town of Richmond in Walworth County. Walworth County Sheriff Deputy Tim Ruszkiewicz arrived at the scene of the accident with information from dispatch that the driver was not wearing a helmet, had head and facial injuries, and had told a witness he had been drinking.

¶3      After reaching the scene, Deputy Ruszkiewicz saw Paczkowski and his motorcycle on the ground and asked Paczkowski what happened. Paczkowski said he slammed on his brakes to avoid another vehicle, hit some gravel, and lost control. Deputy Ruszkiewicz smelled an odor of intoxicants coming from Paczkowski, believed Paczkowski said something about having two beers, and noted his eyes were bloodshot and his speech seemed "off." Deputy Ruszkiewicz had conducted at least 1,000 OWI investigations during his twenty-seven years in law enforcement.

¶4      Deputy Crystal Jazdzewski also arrived on scene. She had been a law enforcement officer for approximately two years and was trained in detecting drivers who operated vehicles under the influence. Deputy Jazdzewski spoke with Paczkowski, who initially said he did not know how the accident happened but later said a vehicle ahead of him had made a sudden stop, which caused him to brake and

2

lose control of his motorcycle. Deputy Jazdzewski noticed Paczkowski had bloodshot, glossy eyes and blood on his face. Deputy Jazdzewski also observed Paczkowski's speech to be "off" but was unsure if that was due to his injuries or the result of consuming alcohol. Deputy Jazdzewski did not notice an odor of alcohol but was informed that Deputy Ruszkiewicz had smelled an odor of intoxicants coming from Paczkowski. Deputy Jazdzewski also heard Paczkowski tell rescue personnel he had been drinking.

¶5 Deputies Ruszkiewicz and Jazdzewski suspected that Paczkowski may have been driving while impaired and Deputy Jazdzewski asked if Paczkowski would submit to a PBT. Paczkowski consented and blew a .149. Due to his physical injuries, Paczkowski was not asked to do any field sobriety tests, but was transported to the hospital where a blood test showed his blood alcohol concentration at .165.

¶6 After the State charged Paczkowski with OWI and PAC, both as second offenses, he filed a motion seeking to suppress the blood test result, all the "other fruits" from his arrest, and direct or derivative evidence stemming from the PBT. The circuit court held a hearing where Deputies Ruszkiewicz and Jazdzewski testified as described above. The circuit court saw this as "a close case." It addressed five factors it believed to be law enforcement's bases to support probable cause for a PBT: (1) odor of alcohol; (2) bloodshot and glassy eyes; (3) Paczkowski's admission to drinking alcohol; (4) his speech being off; and (5) the accident itself. The circuit court saw the bloodshot and glassy eyes as the only solid factor. It concluded the totality of the circumstances did not add up to probable cause for the PBT because:

- any odor of alcohol must have been "mild";

- the amount of alcohol consumed and when Paczkowski drank was unknown;

3

- there was uncertainty as to whether the "off" speech was due to alcohol or a medical condition; and

- Paczkowski's differing reports of how the accident happened "could be looked at as a basis for intoxication, but it also has an innocent explanation[.]"

¶7      The circuit court granted the suppression motion, and the State appeals.

## II.      STANDARD OF REVIEW & APPLICABLE LAW

¶8      The issue in this case is whether the circuit court erred in granting the motion to suppress.  This court reviews suppression decisions using a mixed standard of review.  *State v. Smith*, 2018 WI 2, ¶9, 379 Wis. 2d 86, 905 N.W.2d 353.  A circuit court's findings of historical fact are reviewed under the clearly erroneous standard, but its "application of the historical facts to constitutional principles is a question of law we review independently."  *Id.* (citation omitted).

¶9      This case specifically turns on whether the deputies had probable cause to conduct the PBT as set forth in WIS. STAT. § 343.303, which provides in relevant part:

> If a law enforcement officer has probable cause to believe that the person is violating or has violated [WIS. STAT. §] 346.63 (1) or (2m) … where the offense involved the use of a vehicle …, the officer, prior to an arrest, may request the person to provide a sample of his or her breath for a preliminary breath screening test using a device approved by the department for this purpose.  The result of this preliminary breath screening test may be used by the law enforcement officer for the purpose of deciding whether or not the person shall be arrested for a violation of [§] 346.63 (1) … and whether or not to require or request chemical tests as authorized under [WIS. STAT. §] 343.305(3).

¶10     The definition of what satisfies probable cause varies depending on the circumstances. *County of Jefferson v. Renz*, 231 Wis. 2d 293, 317, 603 N.W.2d 541 (1999). Probable cause sufficient to request a PBT requires that an officer has evidence that is greater than reasonable suspicion, but less than the amount of evidence required to make an arrest. *State v. Felton*, 2012 WI App 114, ¶8, 344 Wis. 2d 483, 824 N.W.2d 871. This standard allows "officers to use the PBT as a tool to determine whether to arrest a suspect and to establish that probable cause for an arrest exist[s]." *Renz*, 231 Wis. 2d at 304. The totality of the circumstances "'need only be sufficient to lead a reasonable officer to believe that guilt is more than a possibility.'" *County of Dane v. Sharpee*, 154 Wis. 2d 515, 518, 453 N.W.2d 508 (Ct. App. 1990) (citation omitted).

### III.     DISCUSSION

¶11     Under the totality of the circumstances of this case, the deputies had the requisite amount of probable cause to administer the PBT, and the circuit court erred in concluding otherwise. The record reflects that two deputies responded to an accident scene where Paczkowski told multiple people that he had consumed alcohol. One of the deputies smelled the odor of an intoxicant, and both deputies observed bloodshot and/or glossy eyes, speech that was "off," and an accident where Paczkowski crashed his motorcycle. There was no indication that weather contributed to the accident. In addition, both officers were trained in OWI detection. One of the deputies involved had investigated over 1,000 OWIs in his twenty-seven years of working in law enforcement, and the other officer also had experience with OWIs. In reviewing whether probable cause exists, courts may consider the officer's training and investigative experience. *State v. Wille*, 185 Wis. 2d 673, 683, 518 N.W.2d 325 (Ct. App. 1994).

¶12    The circuit court did not find either deputy's testimony to be not credible. Rather, the circuit court seemed to focus instead on its belief that many of the factors the deputies relied on could have an alternate, innocent explanation. It noted that glassy, bloodshot eyes are indicative of intoxication, but there are "other alternative explanations" like "allerg[ies]" or "a medical situation." It acknowledged that Paczkowski admitted to consuming alcohol but said no one asked when or how much he drank. But, officers are not obligated to rule out innocent explanations when they observe indicia of an intoxicated driver. "'[I]nnocent' behavior frequently will provide the basis for a showing of probable cause.'" *State v. Tullberg*, 2014 WI 134, ¶35, 359 Wis. 2d 421, 857 N.W.2d 120 (citation omitted).

¶13    Officers, trained to detect impaired drivers, are on the scene, interacting face-to-face with drivers. The deputies involved here personally observed Paczkowski, saw he had bloodshot and glossy eyes, heard he had repeatedly admitted to drinking alcohol, and had lost control of his motorcycle. All of these factors are valid indicia to support an officer's reasonable belief that a driver may be impaired. *Id.* ("We reaffirm that a law enforcement officer may consider bloodshot and glassy eyes to be one of several indicators of intoxication, even though such eye descriptors may have an innocent explanation."); *State v. Lange*, 2009 WI 49, ¶37, 317 Wis. 2d 383, 766 N.W.2d 551 (admission of drinking "strengthens the existence of probable cause"); *State v. Kasian*, 207 Wis. 2d 611, 622, 558 N.W.2d 687 (Ct. App. 1996) (one-vehicle accident). These factors, together with the deputies' training and experience, demonstrate the reasonableness of the deputies' belief that probable cause for a PBT existed under the totality of the circumstances.

¶14 Paczkowski claims his case is akin to **State v. Faruzzi**, No. 2019AP167-CR, unpublished slip op. (WI App Sept. 25, 2019), where this court concluded the circuit court properly granted suppression as the totality of the evidence "did not establish probable cause to arrest for OWI." **Id.**, ¶1. This court disagrees. **Faruzzi** presented different facts and circumstances, did not involve an accident, and did not involve the defendant repeatedly telling people he had been drinking. Moreover, cases involving probable cause determinations must be assessed on the factors of each particular case. **State v. Mata**, 230 Wis. 2d 567, 572, 602 N.W.2d 158 (Ct. App. 1999). The factors involved here demonstrate the deputies' reasonable belief that probable cause existed to administer the PBT. Therefore, the circuit court erred in granting Paczkowski's motion to suppress on this basis; accordingly, the circuit court's order is reversed and the case is remanded to the court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7