# COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP484**

Cir. Ct. No. **2020TR836**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE REFUSAL OF EDWARD R. GASSE:

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

EDWARD R. GASSE,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Washington County: JAMES G. POUROS, Judge. *Affirmed.*

¶1     GUNDRUM, P.J.[1] Edward R. Gasse appeals the circuit court's order finding that he unlawfully refused chemical testing of the level of alcohol in his system when requested by the arresting officer in this case. Gasse contends the officer did not have "probable cause to believe [he] was driving or operating a motor vehicle while under the influence," and "thus the court erred in finding Mr. Gasse refused chemical testing" under WIS. STAT. § 343.305(9). We conclude that the court correctly determined that the officer had probable cause, and we affirm.

### *Background*

¶2     Gasse was charged with operating a motor vehicle while intoxicated, operating with a prohibited blood alcohol concentration, obstructing, and with refusing to comply with a request for chemical testing pursuant to WIS. STAT. § 343.305(9). A refusal hearing was held, and following presentation of the evidence, the court found that Gasse had unlawfully refused chemical testing. The arresting officer, Cody Farnsworth, was the only witness to testify at that hearing. The relevant evidence from the hearing is as follows.

¶3     Farnsworth testified that around 12:19 a.m. on February 29, 2020, a Saturday, he observed that Gasse had come to the police department in relation to an "incident that [Gasse] was involved [with] that previous evening." Farnsworth had learned that other officers had been at Gasse's residence approximately an hour and twenty minutes earlier—around 11:00 p.m. on Friday,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

February 28, 2020—and at that time Gasse appeared to be "intoxicated by alcohol."

¶4 Farnsworth's personal observation of Gasse's condition at the police department was that Gasse had "the odor of intoxicants emitting from his breath," "droopy" eyelids and "glassy, blood shot eyes," "slowed and slurred" speech, but he was "standing without any kind of problem." When asked if he had consumed any alcohol, Gasse "stated that he had about one or two beers at about five to six p.m."

¶5 Gasse admitted to Farnsworth that he had driven to the police department, but subsequently "changed his narrative" and stated "that his neighbor drove him up to the police department." The officer asked Gasse for contact information for the neighbor, but did not receive any from Gasse. Farnsworth observed video surveillance footage confirming that Gasse drove himself to the police department.

¶6 Farnsworth had Gasse perform the horizontal gaze nystagmus test and "observed lack of smooth pursuit, nystagmus prior to 45 degrees, and nystagmus on the onset of maximum deviation." Farnsworth did not have Gasse perform the walk-and-turn or the one-leg-stand tests because Gasse told Farnsworth that he could not perform such tests due to a lower leg injury he sustained approximately twenty years earlier. Farnsworth asked Gasse to perform a preliminary breath test but Gasse refused. Farnsworth placed Gasse under arrest, and Gasse subsequently refused to cooperate with chemical testing to determine the level of alcohol in his system.

¶7 The circuit court found that the State met its burden "easily" on the refusal issue. Gasse appeals.

3

***Discussion***

¶8      Issues to be considered at a refusal hearing include (1) "[w]hether the officer had probable cause to believe the [defendant] was ... operating a motor vehicle while under the influence of alcohol," (2) whether the officer properly informed the defendant of his or her rights and responsibilities under the implied consent law, and (3) whether the defendant refused to permit the test. *See* WIS. STAT. § 343.305(9)(a)5.  In this case, Gasse only challenges the circuit court's determination that the officer had probable cause to believe he had operated his vehicle while under the influence of alcohol.

¶9      Whether an arresting officer had probable cause to believe a defendant operated a motor vehicle while under the influence of an intoxicant is a question of law we review de novo. *See **Washburn County v. Smith***, 2008 WI 23, ¶16, 308 Wis. 2d 65, 746 N.W.2d 243.  Probable cause "must be assessed on a case-by-case basis," ***State v. Lange***, 2009 WI 49, ¶20, 317 Wis. 2d 383, 766 N.W.2d 551, and "exists where the totality of the circumstances within the arresting officer's knowledge at the time of the arrest would lead a reasonable police officer to believe, in this case, that the defendant was operating a motor vehicle while under the influence of an intoxicant," ***State v. Nordness***, 128 Wis. 2d 15, 35, 381 N.W.2d 300 (1986).  Probable cause is a question "based on probabilities; and, as a result, the facts faced by the officer 'need only be sufficient to lead a reasonable officer to believe that guilt is more than a possibility.'" ***County of Dane v. Sharpee***, 154 Wis. 2d 515, 518, 453 N.W.2d 508 (Ct. App. 1990) (citation omitted).

¶10     At the time he arrested Gasse, Farnsworth was aware that (1) approximately an hour and twenty minutes earlier, when other officers were at

Gasse's residence, Gasse appeared to be intoxicated; (2) at the department, Farnsworth himself observed Gasse to have "droopy" eyelids, "glassy, blood shot eyes," and "slowed and slurred" speech; (3) when asked if he had consumed any alcohol, Gasse "stated that he had about one or two beers at about five to six p.m.," exhibiting consciousness of guilt by lying to Farnsworth about and minimizing the amount of alcohol he had consumed[2]— i.e., that Gasse knew he had consumed an amount of alcohol that might make his operation of his vehicle at that time illegal and did not want Farnsworth to discover this; (4) Gasse had further exhibited consciousness of guilt in first acknowledging to Farnsworth that he had driven to the department, which was confirmed by Farnsworth's observation of video surveillance footage at the department, but later changing his story to a "neighbor drove [me]"; (5) Farnsworth observed "lack of smooth pursuit, nystagmus prior to 45 degrees, and nystagmus on the onset of maximum deviation"; and (6) Gasse further displayed consciousness of guilt by refusing to cooperate with a preliminary breath test, *see* ***State v. Hale***, No. 2018AP812, unpublished slip op. ¶10 (WI App Nov. 8, 2018) ("A person's refusal to submit to a preliminary breath screening test or a field sobriety test is relevant as 'evidence of consciousness of guilt' and may be considered in finding probable cause to arrest a person for operating a motor vehicle while under the influence of an intoxicant." (citing ***State v. Mallick***, 210 Wis. 2d 427, 434, 565 N.W.2d 245 (Ct. App. 1997))). Furthermore, Farnsworth made his observations around 1:30 a.m. on a Friday night/Saturday morning, a time of day and day of the week that lends to the suspicion that Gasse may have been drinking intoxicants in an amount

---

[2] No reasonable officer would believe "one or two beers at about five to six p.m." could produce an apparently intoxicated state at 11:00 p.m., much less an hour and twenty minutes later than that.

5

greater than one might consume at other times of day or on other days of the week. *See **State v. Post***, 2007 WI 60, ¶36, 301 Wis. 2d 1, 733 N.W.2d 634 (time of night "does lend some further credence" to an officer's suspicion of intoxicated driving); *see also **State v. Lange***, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551 (concluding the time of day is relevant for an OWI probable cause determination and "[i]t is a matter of common knowledge that people tend to drink during the weekend when they do not have to go to work the following morning").

¶11     We are satisfied from the totality of the circumstances that the "facts faced by [Farnsworth]" were "sufficient to lead a reasonable officer to believe" that it was "more than a possibility" that Gasse operated his vehicle while under the influence of an intoxicant. *See **Sharpee***, 154 Wis. 2d at 518 (citation omitted). Farnsworth had probable cause to arrest Gasse and request a breath and/or blood sample for chemical testing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.